UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:    Chapter 11

W A W TRANSPORT, L.L.C.,    Case No. 8:09-bk-20643-KRM

Debtor.
_____/

## DEBTOR'S APPLICATION FOR AUTHORIZATION TO EMPLOY STICHTER, RIEDEL, BLAIN & PROSSER, P.A., AS COUNSEL FOR DEBTOR

The Debtor, W A W TRANSPORT, L.L.C. , (the "**Debtor**") hereby files its Application for Authorization to Employ Stichter, Riedel, Blain & Prosser, P.A., as Counsel for Debtor (the "**Application**"), and in support of its Application, states as follows:

1. The Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on September 15, 2009 (the "**Petition Date**").

2. The Debtor continues to operate its business and to possess its property as debtor in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code and by order of this Court.

3. No trustee has been appointed in this case.

4. The Debtor, as debtor in possession, wishes to employ Stichter, Riedel, Blain & Prosser, P.A. ("**Stichter Riedel**"), a law firm comprised of attorneys duly admitted to practice in this Court, to serve as bankruptcy counsel in this chapter 11 case. The Debtor has agreed to pay Stichter Riedel a reasonable fee for its services in this case, subject to approval of the Court.

5.  Bankruptcy Rule 6003 provides that, except to the extent that relief is necessary to avoid immediate and irreparable harm, the Court shall not, within twenty (20) days after the filing of the voluntary petition, grant relief regarding an application under Bankruptcy Rule 2014. The Debtors submit that, absent representation by Stichter Riedel as of the Petition Date, they will suffer immediate and irreparable harm because they need representation by counsel to proceed in this Court. Therefore, pursuant to Bankruptcy Rule 6003, interim relief is appropriate pending final approval of this Application. Consequently, the Debtors request that the Court enter an order granting this Application subject to any party in interest filing an objection and request for hearing prior to or on the 20th day after the Petition Date and, if no such objection and request for hearing is timely filed with the Court, providing that such order shall become final on the 21st day after the Petition Date.

6.  If the Court should find that interim relief pursuant to Bankruptcy Rule 6003 is inappropriate, the Debtors respectfully request that the retention of Stichter, Riedel be approved *nunc pro tunc* as of the Petition Date.

7.  The Debtor has selected Stichter Riedel because the firm and its attorneys have considerable experience in bankruptcy and debtor-creditor law. The Debtor also believes that Stichter Riedel and its attorneys are well qualified to represent the Debtor in this case.

8.  The services to be rendered by Stichter Riedel include the following:

    a)  rendering legal advice with respect to the Debtor's powers and duties as a debtor in possession, the continued operation of the Debtor's business, and the management of its property;

2

b) preparing on behalf of the Debtor necessary motions, applications, orders, reports, pleadings, and other legal papers;

c) appearing before this Court, any appellate courts, and the United States Trustee to represent and protect the interests of the Debtor;

d) taking all necessary legal steps to confirm a plan of reorganization;

e) representing the Debtor in all adversary proceedings, contested matters, and matters involving administration of this case, both in federal and in state courts;

f) representing the Debtor in negotiations with potential financing sources and preparing contracts, security instruments, or other documents necessary to obtain financing; and

g) performing all other legal services that may be necessary for the proper preservation and administration of this chapter 11 case.

9. It is necessary for the Debtor as a debtor in possession to employ attorneys to perform the above-mentioned services.

10. To the best of the Debtor's knowledge, Stichter Riedel represents no interest adverse to the Debtor or to the estate in the matters upon which it is to be employed for the Debtor. The employment of Stichter Riedel is in the best interest of this estate.

11. The Debtor has agreed to compensate Stichter Riedel on an hourly basis in this case in accordance with Stichter Riedel's ordinary and customary rates which are in effect on the date the services are rendered, subject only to approval of this Court.

12. The Debtor has also agreed to reimburse Stichter Riedel for the actual and necessary expenses Stichter Riedel incurs in connection with this representation.

13. Attached to this Application as Exhibit "A" and incorporated herein by reference is the Affidavit of Don M. Stichter demonstrating that Stichter Riedel and its

attorneys are disinterested as required by Section 327(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, the Debtor respectfully requests that this Court enter its order:

A. Approving this Application and authorizing the Debtor to employ Stichter Riedel and the attorneys in such firm as bankruptcy counsel for the purposes set forth in this Application;

B. Authorizing the Debtor to pay such counsel reasonable fees and reimbursement for costs as approved and authorized by this Court; and

C. Providing such other and further relief as is just and proper.

Dated: September 16, 2009

                                        W A W Transport, L.L.C.

                                        Kathy E. Wortelman
                                        Managing Member

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Debtor's Application for Authorization to Employ Stichter, Riedel, Blain & Prosser, P.A. as Counsel for Debtor has been furnished on September 16, 2009, by the Court's CM/ECF electronic mail system to the Office of the Assistant U.S. Trustee.

                                        /s/ Don M. Stichter
                                        Don M. Stichter
                                        Florida Bar No. 078280